IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:22-CR-7-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| QUILLAN INMAN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to suppress (DE 18) and motion to appoint new counsel (DE 60). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b), United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R"), wherein it is recommended that defendant's motion to suppress be denied. (DE 53). Defendant through counsel filed objections to the M&R, and defendant also filed pro se objections to the M&R included within his motion to appoint new counsel. In this posture, the issues raised are ripe for ruling. For the following reasons, defendant's motions are denied.

## STATEMENT OF THE CASE

Indictment charging defendant with felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924, was filed January 11, 2022. Defendant's first appointed attorney, David E. Wicclair ("Wicclair"), entered an appearance for defendant, and defendant filed the instant motion to suppress December 5, 2022, seeking to suppress all evidence seized as a result of a seizure, search, and custodial interrogation of defendant taking place on November 14, 2020.

In support of the motion, defendant relies upon a video recording of the interrogation. On December 11, 2022, defendant filed a pro se motion for home confinement, on the basis of a lack of adequate medical treatment while in pretrial custody.

Wicclair moved to withdraw January 21, 2023, on the basis that defendant requested new counsel and the "attorney-client relationship [had] irreparably broken down." (DE 22 at 2). The court allowed the motion to withdraw, and directed new counsel to confer with defendant to "attempt to resolve the matters regarding confinement raised the pro se motion." (DE 23 at 1). Defendant's second appointed counsel, William Michael Dowling ("Dowling"), entered an appearance for defendant January 30, 2023. Defendant, through counsel, filed a motion to amend detention order, seeking release under conditions due to "a multitude of serious health conditions that are the result of a 2014 incident in which he was shot over a dozen times." (DE 30 at 2).

On March 22, 2023, the court denied defendant's motions for home confinement and to modify detention order. The government responded in opposition to the motion to suppress, and the court set hearing on the motion to take place May 22, 2023. On May 10, 2023, however, defendant's counsel, Dowling, filed a motion to withdraw as attorney, on the basis that "there has been a complete and irreversible breakdown in the attorney-client relationship." (DE 41 at 1). The court held a hearing on the motion to withdraw, on May 17, 2023, at which the court continued the hearing on the motion to suppress and allowed Dowling to withdraw.

Defendant's third appointed counsel, present counsel H.P. Williams, Jr. ("Williams") entered an appearance May 19, 2023, and the court held hearing on the motion to suppress on July 5, 2023. The government offered testimony of Jeremy Hunt ("Hunt"), detective with the Robeson County sheriff's office, and the court admitted defendant's exhibit comprising Hunt's report of investigation. Following entry of the M&R, the court denied on August 3, 2023, a motion for

2

reconsideration by defendant on the court's order denying defendant's motion to modify detention order. Defendant filed the instant pro se motion to appoint counsel August 14, 2023, as well as additional pro se letters regarding counsel and his medical care, on August 28, 2023 and September 15, 2023.

## STATEMENT OF FACTS

The court incorporates herein the facts as more particularly set forth in the M&R, where they accurately reflect the evidence received at the hearing on motion to suppress:

> Detective Hunt was an investigating officer on Inman's case. On November 14, 2020, at approximately 1:00 a.m., Detectives Hunt and Brent Chavis were parked at Perritt's Grocery in Lumberton observing traffic coming from Van Born Drive where a house in an unrelated investigation was located. Detective Hunt observed a Toyota Corolla turn off a dirt road and make a left at the next stoplight, and the detectives followed the Corolla. The Corolla was not speeding but after travelling about twenty feet it veered left of the center line, and the detectives activated their blue lights to initiate a traffic stop. The Corolla did not stop, increased its speed, made another left turn, and reached a speed of 90 m.p.h. before making a right hand turn and coming to a stop. Detective Hunt pulled alongside the vehicle and saw Keno Chavis exit from the driver's side of the vehicle and run. Detective Chavis pursued Keno Chavis, and Detective Hunt stayed with the Corolla.
>
> Detective Hunt exited his vehicle on the Corolla's passenger's side and saw Quillan Inman in the passenger seat. Hunt could not see Inman's hands but observed his arms moving in a way that appeared like Inman was putting his hands in the front of his hoodie. Detective Hunt told Inman to put his hands up and exit the vehicle. Inman complied and as he exited the vehicle Hunt saw the handle of a gun protruding from Inman's left front hoodie pocket. Detective Hunt knew prior to the traffic stop that Inman was a convicted felon who was suspected of shooting his stepfather, Inman's street name was "Animal," and Inman was a gang member. Hunt cuffed Inman's hands behind his back and started a pat down, but Inman was trying to reach his front pocket where the gun was located. Hunt told Inman not to reach for his pockets and continued the pat down, during which he located the following items: a Keltec CNC INC 9mm Luger semiautomatic handgun, a clear plastic bag containing a white rock substance, a clear plastic bag containing eighty-four suboxone strips, a white pill bottle with forty-nine red pills, and U.S. currency.
>
> Detective Hunt transported Inman to the Robeson County Sherriff's Office for processing. After being advised of his Miranda rights, Inman executed a waiver and was interviewed by Detective Hunt. Inman was wearing a mask over his mouth at the beginning of the interview. He provided his date of birth, social security

number, and phone number, and asked if he would be taken before the magistrate if he did not agree to speak with Detective Hunt. Inman stated that Keno Chavis put the cocaine in his pocket and that he had touched some of the guns that were found in the car, but he denied selling drugs and said he sometimes just passed off drugs for others. Inman engaged in a lengthy back and forth with Detective Hunt about whether Inman would consent to a search of his cell phone, and ultimately Inman refused consent to the search. Detective Hunt observed nothing that would indicate Inman was impaired or that he did not understand what was happening.

(M&R (DE 53) at 2-3).

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  Analysis

 1.  Motion to Suppress

In his objections, defendant argues that the magistrate judge incorrectly found that Hunt "saw the handle of a gun protruding from Inman's left front hoodie pocket" as he exited the vehicle. (Obj. (DE 55) at 1). Defendant also objects to the magistrate judge's determination that other factors are sufficient to justify reasonable suspicion to frisk the defendant. Finally, in his pro se

4

number, and phone number, and asked if he would be taken before the magistrate if he did not agree to speak with Detective Hunt. Inman stated that Keno Chavis put the cocaine in his pocket and that he had touched some of the guns that were found in the car, but he denied selling drugs and said he sometimes just passed off drugs for others. Inman engaged in a lengthy back and forth with Detective Hunt about whether Inman would consent to a search of his cell phone, and ultimately Inman refused consent to the search. Detective Hunt observed nothing that would indicate Inman was impaired or that he did not understand what was happening.

(M&R (DE 53) at 2-3).

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  Analysis

 1.  Motion to Suppress

In his objections, defendant argues that the magistrate judge incorrectly found that Hunt "saw the handle of a gun protruding from Inman's left front hoodie pocket" as he exited the vehicle. (Obj. (DE 55) at 1). Defendant also objects to the magistrate judge's determination that other factors are sufficient to justify reasonable suspicion to frisk the defendant. Finally, in his pro se

4

objections, defendant argues that he "never had a firearm," and that Hunt claimed "there was a gun after [defendant] was arrested." (Def's M. (DE 60) at 2).[1]

Upon careful review of the M&R and the arguments raised in defendant's objections, the court determines that the magistrate judge correctly analyzed the issues raised by the motion to suppress. The magistrate judge's determination that detective Hunt "saw the handle of a gun protruding from [defendant's] left front hoodie pocket" as defendant exited the vehicle, prior to handcuffing defendant, (M&R (DE 53) at 2), is supported by the testimony of Hunt.[2] In addition, the magistrate judge properly determined that the summary in the police report is "not necessarily inconsistent with Hunt's testimony." (Id. at 6). Accordingly, where Hunt saw the gun before handcuffing and frisking defendant, such search complied with the standard that "[a]t the time he seized petitioner and searched him for weapons, [the officer] had reasonable grounds to believe that petitioner was armed and dangerous, and it was necessary for the protection of himself and others to take swift measures to discover the true facts and neutralize the threat of harm if it materialized." Terry v. Ohio, 392 U.S. 1, 30 (1968).

In addition, and in the alternative, the magistrate judge correctly determined that other factors justified a Terry search of defendant after he had exited the vehicle. These factors include the vehicle chase at 1:00 a.m., through a high crime area, where the vehicle eluded arrest and reached a speed of 90 mph, coupled with Hunt's knowledge that defendant was a convicted felon and gang member, who was suspected of shooting his stepfather. (M&R (DE 53) at 2). These "multiple factors," taken together, are sufficient to "create a reasonable suspicion" justifying the

---

[1] The M&R also addressed an additional argument raised by defendant that his interrogation violated Miranda v. Arizona, 384 U.S. 436 (1966). Where defendant did not raise any objections to the magistrate judge's determination that defendant's Miranda waiver was knowing and intelligent, the court reviews this determination for clear error. Finding no clear error, the court adopts the M&R on this issue.

[2] The court has reviewed a recording of the hearing on motion to suppress and determines that the magistrate judge's summary of the testimony of Hunt is accurate.

5

Terry search.  United States v. George, 732 F.3d 296, 300 (4th Cir. 2013).  These factors also are sufficient to overcome defendant's assertion, in his pro se objection, that he never had a gun to begin with.

Therefore, the court adopts the M&R, overrules defendant's objections, and denies defendant's motion to suppress.

2. Motion to Appoint New Counsel

Defendant seeks new counsel on the basis that his current counsel, Williams, did not assert the issues raised in his pro se objections, as well as on the basis that Williams did not "file the proper motions . . . to defend [him] and [his] constitutional rights," and that he has not advocated sufficiently to "get [him] the proper medical treatment" he needs.  (DE 61 at 2; see DE 60 at 2).  Defendant further describes his medical needs while in pretrial custody, and an asserted deprivation of pain medication, orthopedic leg brace, and "proper diet."  (DE 63 at 1).

"In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  "It has long been recognized that the right to counsel is the right to the effective assistance of counsel."  McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970).  However, the Sixth Amendment's guarantee of effective assistance of counsel is not an unqualified right.  United States v. Gallop, 838 F.2d 105, 107 (4th Cir. 1988).  "Such right must not obstruct orderly judicial procedure and deprive courts of the exercise of their inherent power to control the administration of justice."  Id. at 108. "An indigent defendant . . . can demand a different appointed lawyer only with good cause."  Id. at 107.  In determining whether good cause exists, the court considers (1) the timeliness of the motion; (2) the reasons why defendant wishes for new counsel; and (3) whether the purported conflict between defendant and counsel is so great that it has resulted in a total lack of communication, thereby preventing an

6

adequate defense. United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994); Gallop, 838 F.2d at 108.

A defendant is not entitled to direct all aspects of his case. Certain decisions that "'primarily involve trial strategy and tactics,' such as 'what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed'" may be made by counsel without a criminal defendant's consent. Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998). Accordingly, "disagreement with [an] attorney's trial strategies and tactics does not constitute a communication breakdown sufficient to warrant the substitution of counsel." United States v. Hagen, 468 F. App'x 373, 385 (4th Cir. 2012); see United States v. Johnson, 114 F.3d 435, 443–44 (4th Cir. 1997).

Further, "[a] court can properly refuse a request for substitution of counsel when the defendant's own behavior creates the problem." United States v. DeTemple, 162 F.3d 279, 289 (4th Cir. 1998). "The district court is not compelled to substitute counsel when the defendant's own behavior creates a conflict." United States v. Morsley, 64 F.3d 907, 918 (4th Cir. 1995); see United States v. Boyle, 754 F.3d 226 (4th Cir. 2014).

At this juncture, defendant has not justified appointment of new counsel on the showing made. With respect to the timing of the motion, defendant already has had three appointed counsel, and defendant has not demonstrated that new appointment of counsel would be able to address the issues raised by defendant in his pro se motion and letters any differently from current counsel. Defendant also has not demonstrated a conflict between defendant and his counsel that is so great that it has resulted in a total lack of communication, thereby preventing an adequate defense. To the contrary, counsel represented defendant ably during hearing on motion to suppress, including through oral arguments, and in objections filed after entry of the M&R which cogently raised

7

factual and legal issues reasonably arising from the record in the case. Therefore, where defendant has not shown good cause for appointment of new counsel, his motion is denied.

Nevertheless, the court recognizes defendant's assertions of ongoing medical issues raised in defendant's motion to appoint counsel and in his pro se correspondence with the court. While these issues raised have already been subject of briefing on defendant's motions to amend detention order, and motion for reconsideration of the magistrate judge's order regarding the same, defendant suggests he is having continuing and escalating medical developments. Where the court generally must act only through filings made by counsel, and where defendant is represented by counsel, the court will direct the government to consult with defense counsel and the United States Marshals Service to provide an update regarding defendant's medical treatment, and to determine if defendant is receiving all necessary medical care. The government shall file under seal a status report addressing defendant's medical condition and the treatment provided therefore within 21 days of the date of this order.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R and DENIES defendant's motions to suppress (DE 18) and to appoint new counsel (DE 60). The government is DIRECTED to file under seal a status report, as set forth herein, within 21 days of the date of this order. The clerk is DIRECTED to set arraignment for the court's November 2023 term of court.

SO ORDERED, this the 21st day of September, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge

8

Case 7:22-cr-00007-FL   Document 64   Filed 09/21/23   Page 8 of 8